CONWELL *v.* EMRIE.

A supervisor, for the purpose of keeping the highways of his district in order, might, under the R. S. 1843, enter upon any lands adjoining or near to any highway in his district, and thereupon construct such ditches, &c., as might be necessary for the construction, repair, &c., of such highway.

When the supervisor acts without the scope of his authority, and private injury is thereby sustained, the law will not protect him.

A person acting as supervisor was sued in case for constructing a culvert across a public road in his district in such a manner as to convey water from a hill-side into and upon the plaintiff's tan-yard, to his injury, &c. The plaintiff having proved the construction of the culvert by the defendant, in the manner charged, &c., *held*, that the defendant, in order to relieve himself from liability, was bound to show that the culvert was necessary for the construction, repair, or preservation of the highway, and was constructed at the proper place.

A judgment will not be reversed because an erroneous instruction was given to the jury, where the evidence would not have supported a verdict for the party complaining of the instruction.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—Trespass on the case by *Conwell* against *Emrie*. Plea, not guilty. The cause was submitted to a jury. Verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

The following are the facts proved on the trial:

The plaintiff, in *June*, 1846, was, and still is, the owner in fee of a certain close or tract of land in *Dearborn* county, situate at the foot of, and on the north side of a certain public road, on which close he had a tan-yard. The defendant, as supervisor of the road district, &c., constructed a culvert across the road in such a manner as to convey the water from the hill-side into and upon the tan-yard, whereby the same was seriously injured. The road was so situated that a culvert across the same was, at that time, necessary; but it might have been made a few yards further east, so as to answer the purpose for which the one in question was constructed, without serious injury to any one; but it would have cost from 15 to 50 dollars more than the one constructed. At the time the culvert was built, the farm, on the tract of land, was in

the possession of one *Groves*, as tenant under the plain-
tiff; but the tan-yard was then in the possession and use
of the plaintiff. *Groves* was authorized by the plaintiff
to see that his property in that neighborhood was not in-
jured; and at the time the culvert was built, he remon-
strated against its construction; and immediately there-
after, the defendant offered to cut or dig a ditch from the
mouth of the culvert through the lands of the plaintiff, so
as to convey the drainage of the hill-side passing through
the culvert between the tan-yard and the dwelling-house,
on the same land occupied by *Groves;* but *Groves* would
not allow the same to be done. The ordinary taxes for
keeping the roads in repair, were for that year inadequate
for the purpose. The defendant, before he built the cul-
vert, took the advice of divers hands working on the road
with him, with respect to the place where it should be
constructed, and they, in good faith, advised its construc-
tion at the place where it was made.

The Court gave various instructions to the jury, and
among them the following: "That if the defendant offered
to dig a ditch by which the water, &c., would have been
conveyed off said tan-yard lot, and the damage which the
plaintiff has sustained would have been thereby averted,
and the plaintiff or his agent forbade the defendant to do
so, he cannot recover for the damage which would not
have accrued, if said ditch had been made."

The giving of this instruction, and the refusal to grant
a new trial, are the errors assigned.

The duty of a supervisor is prescribed by statute. He
is required to keep in order the highways in his district;
and for that purpose he may enter upon any lands ad-
joining or near to any highway in his district, and there-
upon construct such ditches, &c., as may be necessary
for the construction, repair, &c., of such highway. R.
S. 1843, c. 16, s. 86, 87.

The power here given to a supervisor should be exe-
cuted in good faith, and in a proper discharge of his duty
to the public. When he acts without the scope of his

authority, and private injury is thereby sustained, the law will not protect him.

Taking this view of the case, the instruction given was not correct. The defendant could not avoid the consequences of the trespass with which he was charged, in the mode assumed by the Court. He was bound to show that the culvert was necessary for the construction, repair, or preservation of the highway, and that it was constructed at a proper place.

We think the instruction was erroneous; but still we do not consider that error sufficient cause for reversing this judgment. The record professes to contain all the evidence given on the trial. We are satisfied that it was not sufficient to have supported a verdict in favor of the plaintiff. In one respect the proof was materially defective. It was not shown that the plaintiff incurred any amount of damage from the construction of the culvert. Nor does the evidence furnish any data upon which the jury could have estimated damages in his favor. 1 Saund. Pl. and Ev. 352. The motion for a new trial was, therefore, correctly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the plaintiff.