## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* DAUGHERTY.

HIGHWAY.—*Supervisor.*—A supervisor may enter upon land adjoining a highway in his road district, and remove therefrom material for the repair of the highway.

SAME.—*Constitutional Law.*—Section 16 of the law relating to road supervisors, 1 G. & H. 591, is constitutional. The taking of private property therein provided for is a taking by the State, within the meaning of the constitution, and the damages of the aggrieved party need not be first assessed or tendered; and the statute provides a reasonably convenient opportunity to obtain compensation for the injury.

APPEAL from the Bartholomew Common Pleas.

PETTIT, C. J.—Complaint for injunction, in substance as follows: On the 23d day of March, 1857, the Jeffersonville Railroad Company, then owning and operating a railroad from Jeffersonville, Indiana, through Bartholomew county, to Edinburgh, in said State, purchased and received a conveyance from one Samuel Daugherty for four acres of land in Bartholomew county, adjoining the track of said railroad, describing it. The said land was so purchased because it contained a fine gravel bed, and for the use of said gravel in ballasting the track of said road. It is averred that there is no other material along the line of said road than gravel, suitable for ballast, and that gravel beds adjacent to the track of the road can only be found at intervals. Gravel is taken from the gravel beds or pits by means of side tracks or switches run from the main track into the pits, where the gravel is loaded on cars, and distributed along the line of the road. In 1868, the said Jeffersonville Railroad Company and the Indianapolis and Madison Railroad Company consolidated and became one corporation by the name of the Jeffersonville, Madison, and Indianapolis Railroad Company, the appellant, whereby the new corporation became the owner of said two roads, with all the property, rights, and franchises of said two old corporations, including said gravel pit; "and the plaintiff keeps and holds the same for

the purpose and use aforesaid, and the use as aforesaid of said gravel by plaintiff is necessary as aforesaid to keep the track of plaintiff's road in repair and running order."

It is then averred that the defendant, who was road supervisor for the road district in which said gravel pit is situate, entered said gravel pit, without right, and removed therefrom a large amount of gravel, to wit, five hundred loads, of the value of one hundred dollars, and put the same upon a highway within his district, for the repairs thereof, and threatens to again enter upon and remove gravel from said pit for said purpose; "and plaintiff has not been paid therefor, nor has payment been tendered to her. And plaintiff avers that the defendant could readily procure gravel near said highway, to repair the same, without interfering with plaintiff's said gravel pit as aforesaid, as there is an abundance of other gravel in said vicinity, near said highway."

It is charged that a continuance of said acts complained of will work great and irreparable injury to plaintiff, and an injunction is prayed.

Appellee answered in two paragraphs, to which appellant demurred, and the demurrer was overruled, and failing to reply, judgment was accordingly entered against appellant. The answer is as follows:

"First. The defendant, for answer to the complaint herein, says that he is the supervisor for road district number —, in Wayne township, Bartholomew county, in the State of Indiana, duly elected and qualified therefor, and was such supervisor at the time or times of the several acts charged in the complaint; the state road is a public highway leading from the city of Columbus to the town of Jonesville, in said county; and so much thereof as passes through defendant's said road district was seriously out of repair, the same being muddy and full of holes, caused by frequent travel; it was necessary that said road adjacent to said land, in said district, should be repaired, and defendant, in good faith, as such supervisor as aforesaid, entered upon the said lands of the said plaintiff, which were in defendant's said road dis-

trict, and adjoining said highway, and the portions thereof out of repairs as aforesaid, to obtain the material for the preservation and repair of said public highway as aforesaid; and the defendant did then and there, as supervisor as aforesaid, remove from said lands, at a point adjoining said highway, ninety wagon loads of gravel, and no more, which was placed on said public highway adjoining said lands, for the preservation and repair thereof; and the same was necessary therefor, and defendant did no unnecessary damage to said premises, and moved no more gravel therefrom than was necessary and was, in fact, used in said public highway within defendant's said road district; that it was the most convenient point at which said gravel could be procured, as aforesaid, for said purposes aforesaid.

"Second. The defendant for further answer herein says, that he is now, and was at the time of the several acts charged in the complaint, supervisor of road district number ——, in Wayne township, in Bartholomew county, in the State of Indiana, duly elected and qualified therefor; that the public highways in said district adjoining said lands were greatly out of repairs, containing holes made by frequent public travel, and almost obstructed by the accumulation of mud; and defendant, as supervisor, entered upon said lands adjoining his said public highway, which was out of repair as aforesaid, to obtain material for its repair and preservation, and without doing any unnecessary damage, defendant removed from said premises at a point adjoining said public highway ninety loads of gravel, and no more, which was placed in said public highway in said district for repairs and preservation thereof; and no more gravel was removed than was necessary and was used for said purpose; that said point was the most convenient at which said material could be procured; that gravel can be procured at intervals along the entire route of plaintiff, and more than enough for all its purposes for any length of time; that at said point where said gravel was removed, and adjoining thereto, and in the immediate vicinity thereof, and for many miles above and

below said point, and either side thereof, there are immense and immeasurable deposits of gravel, that would answer all the purposes of said plaintiff so long as it might exist as a corporation; that at said point whereat said gravel was removed there is no track for the removal of gravel for the use of the company, or other purposes, and plaintiff has not procured gravel thereat for ten years last past."

Overruling the demurrer to the answer is assigned for error. Is the answer a bar to the action?

Two questions are presented for the consideration of this court; first, whether section sixteen of the law relative to road supervisors, 1 G. & H. 591, is constitutional; and, second, whether, if the law is constitutional, such an abuse of the power therein conferred is not shown as demands the interposition of the restraining power of the court. Section sixteen is as follows: "The supervisor, or any other person by his order, may enter upon any land adjoining or near to any highway in his district, and thereupon construct such ditches, drains and dams, and dig and remove any gravel, earth, sand or stone, or cut and remove any wood or trees that may be necessary for the proper construction, repair or preservation of such highways, and any person aggrieved may petition the township trustee for an assessment of damages occasioned thereby, and in such case, such trustee shall appoint three disinterested persons in such township to view the locality where the grievance was committed, and assess such damages within twenty days after such appointment, they having first taken an oath to faithfully discharge their duties, before some officer authorized to administer oaths, and such viewers shall make report thereof, within ten days after such assessment, to such trustee, having first given notice thereof to the complainant, and such trustee shall pay the damages assessed to be paid out of the township treasury, unless he should deem them unreasonable, in which case he may reduce the amount." In *Dronberger* v. *Reed*, 11 Ind, 420, the foregoing section is held to be constitutional; that the taking of private property there-

in provided for is a taking by the State, within the meaning of the constitution; and that therefore the damages of the aggrieved party need not be first assessed or tendered; and, also, that the statute provides a reasonably convenient opportunity to obtain compensation for the injury.

See also *Conwell* v. *Emrie*, 4 Ind. 209; *Hymes* v. *Aydelott*, 26 Ind. 431; *The Norristown, etc., Turnpike Co.* v. *Burket*, 26 Ind. 53. It is not pretended that the answer is not well framed, but it is contended that the law is unconstitutional; but if not, that an abuse of the power conferred is shown. We hold that the above authorities fully warranted the action of the court below, and that no error was committed.

The judgment is affirmed, at the costs of the appellant.

*S. Stansifer*, for appellant.

*F. T. Hord*, for appellee.