Richmond, P. J.,
delivered the opinion of the court.
This action was commenced in the district court of Rio Grande county by the Kenilworth Canal Company against the San Luis Land, Canal & Improvement Company, for the condemnation of the right of way for a canal through a certain tract of land, containing about fifty-six acres, situate on the Rio Grande river. The petition was presented to the judge of the court in vacation and by him set down for hearing at the succeeding term of the court. Thereafter the petitioner applied to the court for permission to enter upon the land and proceed with the construction of their canal, which permission was granted upon a deposit being made of $250. Motion was made by the defendant company to vacate this order, which was denied. Answer was subsequently filed and motion interposed for judgment upon the pleadings by the defendant company ; this also was overruled. The commissioners were duly appointed to review the piemises, evidence was taken, and resulted in a judgment favorable to the petitioner. The total damages, were fixed at $202.50.
Several errors are assigned why this judgment should be reversed and we will take them up in the order of their presentation by appellant. But before doing so we will say that, so far as the proceedings are concerned, they appear to have been strictly in conformity with the provisions of the act entitled “ Eminent Domain.”
By section 238 of chapter 21, Code, General Laws of 1883, it is provided, “ That in all cases where the right to take private property for public or private use without the owner’s consent or the right to construct or maintain any railroad, public road, toll road, ditch, bridge, ferry, telegraph, flume, or other public or private work or improvement, or which may damage property not actually taken, has been heretofore or shall hereafter be conferred by general law or special charter, upon *246 any corporate or municipal authority, public body, officer or agent, person or persons, commissioner, or corporation, and the compensation to be paid for, or in respect of the property sought to be appropriated or damaged, for the purposes above mentioned, cannot be agreed upon by the parties interested, * * * it shall be lawful for the party authorized to take or damage the property so required, or to construct, operate, and maintain any railroad, public road, toll road, ditch, bridge, ferry, telegraph, flume or other public or private work or improvement, to apply to the judge of the district or county court, either in term time or vacation, where the said property or any part thereof is situate, by filing with the clerk a petition, setting forth by reference his or their authority in the premises; the purpose for which said property is sought to be taken or damaged; a description of the property, the names of all persons interested therein as owners or otherwise, as appearing of record, if known, or if not known, stating that fact and praying such judge to cause the compensation to be paid to the owner to be assessed.” * * *
Under the provisions of this section and the succeeding sections of the act, these proceedings were instituted, and by the petition it is recited that both the pietitioner and the defendant company are corporations duly existing under and by virtue of the laws of the state of Colorado. And we have no doubt but that the section contemplates the institution of such proceedings by one corporation against another as well as by a corporation of a public character against the property of a private individual.
The first assignment of error is based upon the refusal of the judge to set aside and vacate the order granting permission to the plaintiff company to enter upon the land before final hearing. And in support of this contention, our attention is called to art. 2 of section 15 of the constitution which provides : “ That private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, *247 when required by the owner of the' property, in such manner as may be prescribed by law, and until the same shall be paid to the owner, or into court for the owner, the property shall not be needlessly disturbed, or the proprietary rights of the owner therein divested.”
We cannot see how counsel for appellant can seriously insist that this provision of the constitution prohibits the judge of the court, or the court, from making an order permitting the petitioner to enter upon the land pending the proceedings, upon the petitioner’s depositing what in the judgment of the judge or court is a sufficient sum to compensate the party for damages that may result to him. Especially so in view of the provisions of section 243 of the said act, which clearly contemplates that such order may be entered, and especially so when it is known that this practice has most universally obtained in proceedings instituted under the provisions of this act. The right to do so has been recognized by the district courts aiid by the supreme court of this state. In McClain v. The People, 9 Colo. 190, this question has been determined. Therefore it is useless for us to further consider it.
The second assignment of error is that the defendant should have been allowed to show that its canal was built for the purpose of irrigating and of sufficient capacity to irrigate all the lands proposed to be irrigated by the then proposed canal. And in support of this position our attention is called to sections 1716-1718 General Statutes of Colorado, 1883, wherein it is provided: “ That no tract or parcel of improved or occupied land in this estate, shall, without the written consent of the owner thereof, be subjected to the burden of two or more irrigating ditches constructed for the purpose of conveying water through said property, to lands adjoining or beyond the same, when the same object can feasibly and practicably be attained by uniting and conveying all the water necessary to be conveyed through such property in one ditch.”
We are wholly unable to understand how it can be urged that the defendant company has any right under the provis *248 ions of these sections. They clearly and in unmistakable language apply to the right of the owner of the lands to assert that his property shall not be burdened with more than one irrigating, ditch, provided that one ditch be of sufficient capacity to carry water for the purposes contemplated by the act.
It is also contended that because the contemplated canal of the petitioner was parallel for many miles with the canal of the defendant company, and therefore greatly damaged it, that the right to these proceedings did not exist. This contention is without support in law or reason. No authorities are presented which intimate that the construction of one canal is sufficient reason to prohibit the construction of another because it runs parallel with the first. If that rule would obtain it would result in the creation and continuation of a monopoly against which- the constitution of our state and the statutes are directly aimed. And even if there were no provisions of the constitution and statute, no court has yet held or would hold that such contention should prevail.
“ While the legislature may not repeal or materially modify the charter of a corporation, unless the power is reserved, the property of the corporation is subject to condemnation for public uses. The taking of the property of a corporation is not an alteration, modification, or repeal of its charter. It is the enforced purchase of its property. The banking house of a bank, the bridge of a bridge company, the grounds of an academy, may be taken, as well as the property of an individual. The property is held subject to the necessities of the public. The franchise and the property, when inseparable, can be taken together, compensation being made for both. The property of a corporation, not actually in use or absolutely necessary for the enjoyment of the franchise, or which is only convenient, and not such as the corporation might condemn, and which they- had acquired by purchase, is subject to condemnation for other purposes, as the property of an individual.” Mills on Eminent Domain, § 41. Peoria, Pekin & Jacksonville R. R. Co. v. Peoria & Springfield R. *249 R. Co. 66 Ill. 174; White River Turnpike Co. v. Vermont Central R. R. Co. 21 Vt. 590; Trustees of Belfast Academy v. Salmond, 11 Me. 109; The Jeffersonville M. & I. Co. v. Daugherty, 40 Ind. 33.
These authorities we think dispose of this alleged error.
It is further complained that the decree of the court is erroneous in this, that the court had no right or authority to vest in the plaintiff the seizin of the lands of defendant sought to he condemned, nor any greater interest than a license therein. We have carefully read the decree of the court and we do not understand that it goes so far as to confer upon the petitioner any greater right than that contemplated by the eminent domain act. After describing the lands sought, the decree says that the same are hereby vested in the said Kenilworth Canal Company for the use and purposes set forth and specified in the plaintiff’s petition, viz: “ That of building, having and maintaining thereon an irrigating ditch or canal for the purpose of supplying and carrying water from said Rio Grande del Norte river to lands lying below the same, and that for said purposes, said The Kenilworth Canal be seized of said lands, and is authorized to take and have possession thereof, and hold and use the same for purposes specified herein and in said petition.”
Under this decree there can be no contention that the court has gone beyond the authority expressly conferred upon it by the statute ; that it has given any greater right than was absolutely necessary for the purposes for which the land was sought to be condemned. In fact we think the court has followed the spirit and expressed letter of the statute wherein it is provided, that after due proof the verdict of the jury and the deposit of the compensation in court or with the clerk of the court, the court “ shall make and cause to be entered in its minutes, a rule, describing such lands, real estate or claims in manner aforesaid, such ascertainment* of compensation,' with the mode of making it, and each payment or deposit of the compensation aforesaid, a certified copy of which shall be recorded and indexed in the recorder’s office of the proper *250 county, in like manner and with like effect as if it were a deed of conveyance from the said owners and parties interested, to the proper parties. Upon the entry of such rule the said petitioner shall become seized in fee except as hereinafter provided of all such lands, real estate or claim described in said rule, as required to be taken as aforesaid, and may take possession of, and hold and use the same for the purposes specified in said petition.” Section 242, chapter 21, Code, General Laws, 1883.
It is also insisted that the damages are inadequate. To this we think it sufficient to say, that there is ample testimony to warrant the decree. The report of the commissioners and the testimony taken before the court satisfy us that the amount was amply sufficient to compensate the defendant company for the land taken. The proceedings were regular; the right of the petitioner to construct the canal parallel with that of the defendant company cannot be questioned. The judgment of the court is in conformity with the provisions of the statute, and the damages allowed ample- compensation for the land taken.
We find no error in the proceedings which would warrant a reversal of the judgment.
The judgment must be affirmed.

Affirmed.