No. 19,473.

THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY,
*Appellant*, v. THE CITY OF HIAWATHA and WILLIAM
EDGELL, *Appellees.*

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*Construction of Sewer—Compensation
Not a Condition Precedent—Injunction.* The action was one
to enjoin the city from constructing a sewer across certain
lots belonging to the defendant. The city was proceeding
to construct the sewer without first making an assessment
of damages. It is held that section 4 of article 12 of the
constitution, providing that no right of way shall be appro-
priated to the use of any corporation until full compensation
therefor be first made in money, or secured by a deposit of
money, to the owner, irrespective of any benefit from any
improvement proposed by such corporation, does not apply,
and that the city was not obliged to make an assessment of
damages before occupying the defendant's property with the
sewer.

Appeal from Brown district court; WILLIAM I.
STUART, judge. Opinion filed May 8, 1915. Affirmed.

*Sample F. Newlon,* of Hiawatha, and *Lucian J.
Eastin,* of St. Joseph, Mo., for the appellant.

*W. F. Means,* of Hiawatha, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the city
from constructing a sewer across certain lots belong-
ing to the defendant. An injunction was refused, and
the defendant appeals.

The city is given power to construct sewers and
drains and to exercise the right of eminent domain for
any necessary municipal purpose. When the right of
eminent domain is exercised the city is required to
make adequate compensation for property taken or
injured and a tribunal is provided for the assessment
of damages. In making the assessment of damages

benefits resulting from the improvement may be taken into consideration and an appeal may be taken to the district court. (Gen. Stat. 1909, §§ 815, 1410.) In this instance the city was proceeding to construct the sewer without first making the assessment of damages, and the claim is made that the course pursued contravened section 4 of article 12 of the constitution, which reads as follows:

"No right-of-way shall be appropriated to the use of any corporation until full compensation therefor be first made in money, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation."

This section of the constitution was not intended to apply to municipal corporations when acting as agencies of the state in the interest of the general welfare. It was intended to apply only to public service corporations upon whose private responsibility the making of compensation depends.

The certainty of compensation to the property owner affected by an appropriation was the subject of the constitutional restriction. Although the state can not be sued the law does not contemplate a breach of faith on the part of the sovereign. The solvency of the state and of its municipal subdivisions is presumed in the absence of a showing to the contrary. When the taking is by a governmental subdivision of the state the public credit with the power of taxation behind it affords ample security for the fulfillment of the obligation to make compensation. Consequently when the state acts directly or mediately through the agency of a municipal corporation all that is required is that a remedy be provided to which the property owner may resort to have his proper compensation assessed and paid.

In the case of *Carbon C. & M. Co. v. Drake*, 26 Kan. 345, the act of 1866 to establish certain state roads was held invalid because the act contained no provision for compensation, but the court said:

"If provision had been made in ch. 103, Laws 1866.

by which land-owners could obtain compensation, even though such compensation was not to be paid until after the actual appropriation of the right of way, the authorities seem to hold such a law valid." (p. 348.)

In the case of *Hughes v. Milligan,* 42 Kan. 396, 22 Pac. 313, a public highway statute was held by a majority of the court to be void because no tribunal was constituted before which the landowner could claim damages, but the court said:

"When property is taken by the state or a county, a municipal subdivision thereof, a proper tribunal must be constituted, before whom the party may make his claim for damages. It is not necessary in a case where the state, or a municipal corporation acting by authority of the state, takes private property, that compensation shall be first paid; it is sufficient if provision is made for its payment, and an impartial tribunal constituted before whom the owner of the land can go to claim and receive his damages without delay." (p. 401.)

In the case of *The State, ex rel., v. Spencer,* 53 Kan. 655, 37 Pac. 174, a public highway statute which provided a proper tribunal before which landowners might claim damages was held valid although it did not provide that compensation should be first made. In the opinion it was said:

"It is not necessary, where the state or a municipal corporation takes private property, that the compensation shall be first paid, if provision is made for its payment, and a proper tribunal constituted, so that the landowner may make his claim for and receive damages." (p. 656.)

Besides what has been said, the term "right of way" was used in the constitution in the primary sense of a right of way for travel, transportation, and intercommunication. This signification properly attaches to ways for pipe lines for conveying marketable products, means for the transmission of light, heat, and power, and means for intercommunication by telegraph and telephone. Rights of way for these purposes are all

legitimate expansions of the footpath, the pack-trail, and the road. The term being a convenient one it has passed into popular speech so that we might now speak of a right of way for a wall or an embankment. It had not acquired such elasticity when the constitution was adopted and did not then include the subterranean location of an artificial drain.

The result of the foregoing is that the city was not obliged to make an assessment of damages before occupying the defendant's property with the sewer. (*Buckwalter v. School District*, 65 Kan. 603, 70 Pac. 605.)

The judgment of the district court is affirmed.