No. 30,442.

E. R. Brookings et al., *Appellants*, v. The Riverside Drainage District of Sedgwick County et al., *Appellees*.

(9 P. 2d 656.)

Opinion filed April 9, 1932.

*O. A. Keach, E. L. Foulke* and *Roy H. Wasson,* all of Wichita, for the appellants.

*Jean Madalene,* of Wichita, for appellee The Riverside Drainage District.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for appellees The Protection Drainage District and The Callahan-Walker Construction Company.

The opinion of the court was delivered by

Sloan, J.: This was an action to enjoin the defendants from constructing a ditch across the land of the plaintiffs. The defendants prevailed, and the plaintiffs appeal.

The Riverside drainage district of Sedgwick county has been before this court in a previous case. (*State, ex rel., v. Riverside Drainage District,* 123 Kan. 46, 254 Pac. 366.) In that case the trial court made extensive findings, set out in the opinion, which were approved by this court as well as the conclusions of law reached by the trial court in so far as they affected the drainage district. In that case the court found that the district had, through

the maintenance of a certain dike, dam and ditches near the center of section seven, created a public nuisance, and ordered and directed that such dike, dam and ditches be removed and the nuisance abated. This court, in an opinion denying a motion for rehearing, held that the trial court had jurisdiction to see that its orders were carried into effect, and that it might modify its decree as necessity and justice required. (*State, ex rel., v. Riverside Drainage District*, 123 Kan. 393, 255 Pac. 37.) In accordance with the judgment and order of the court the drainage district proceeded to carry into effect the decree, causing surveys, plans and specifications to be made and adopted as provided by law, which included the construction of a ditch beginning near the center of section seven, extending into a watercourse known as the Little Slough, and following this watercourse into the Arkansas river. This ditch extended through the land of the appellants. An election was held for the purpose of voting bonds for the construction of the ditch, which resulted in a majority of the votes being cast against the bond issue. Thereupon the Riverside drainage district entered into a contract with the Protection drainage district for the construction of the ditch at the cost of the Protection drainage district, with the exception of a payment of $2,000 and certain incidental expenses by the Riverside drainage district. This agreement was submitted to the district court, and the court, after an examination of the matter, found it to be a compliance with and a fulfillment of the judgments and decrees theretofore made by the court, and approved the contract. The work was in process, although nothing had been done on the land of the appellants, at the time this suit was filed.

The principal contention of the appellants is that the appellees did not comply with the statute in condemning the right of way for the ditch over and across their land. The condemnation proceedings were had under and by virtue of R. S. 24-438 *et seq.*, and the procedure appears to have been regular in all respects. No appeal was taken or attempted to be taken from the report of the commissioners. The appellants contend that this statute was repealed by the enactment of R. S. 26-101 *et seq.* The principal difference between the two statutes is that in the one the report of the commissioners is required to be filed with the county clerk and the money paid to the county treasurer, and the parties have ten days in which to appeal from the report to the district court. In the other

the report is filed and the money paid to the clerk of the district court, and the parties have thirty days in which to perfect an appeal.

The contention of the appellant cannot be sustained. It is, of course, an elementary rule that where two statutes dealing with the same subject matter cannot be reconciled so as to give reasonable operative effect to both, the one which is the last expression of the will of the legislature will prevail. (*Arkansas City v. Turner, State Auditor*, 116 Kan. 407, 226 Pac. 1009.) This court has also said that where statutes passed at different times are included in the same revision without change the court will go back of the revision, and the statutes will be interpreted in the light of their origin. (*Lemen v. Kansas Flour Mills Co.*, 122 Kan. 574, 253 Pac. 547.) It appears that R. S. 26-101 *et seq.* is the last expression of the legislature on the subject of condemnation, and if its provisions cannot be reconciled with the former statutes it must be held to have repealed the former statutes. R. S. 24-438 *et seq.* is a part of chapter 215 of the Laws of 1905, which provided for the organization of drainage districts, vesting such districts with certain powers and prescribing a procedure for the exercise of the power granted. Among other things it is vested with the power to appropriate private property for the use of the district in widening, deepening or otherwise improving any natural watercourse, or for the construction of any levee, canal or drain, and a definite procedure for the exercise of this power is contained in the statute. The statute is therefore a part of a general scheme providing for the creation of drainage districts and the exercise of the power necessary to carry out the purpose of such districts.

R. S. 26-101 *et seq.* was evidently intended to prescribe a general procedure for the exercise of the right of eminent domain. It appears, however, to have limited its scope to corporations. It does not include cities nor the condemnation of lands by the state which possess unusual historical interest. A special procedure is provided for the exercise of power of eminent domain by cities and the state. (R. S. 26-201 *et seq.*)

It was the manifest purpose of the legislature to retain in force and effect R. S. 24-438 *et seq.* for the use and benefit of drainage districts. There is no irreconcilable conflict between the two statutes. There is very little difference in the preliminary steps prescribed for the corporation and the drainage districts. The only difference is in the place of the filing of the report, the payment

of the money and the procedure for appeal. The completion of the preliminary report in accordance with the terms of either statute sufficiently advises the landowner of the purpose of the drainage district and he is given an adequate remedy at law under either statute. We hold that R. S. 24-438 *et seq.* was not repealed by the subsequent statute, and that a compliance with this statute was sufficient as against an injunction to vest the drainage district with the right to construct the ditch in question.

It is contended by appellee that since the statute provides an adequate remedy at law for the landowner, that injunction will not lie. The preliminary steps were regularly taken. The landowner had the right to appeal from the report of the commissioners—a complete remedy in damages. The rule is too well established to require the citation of authorities that where the party has an adequate and complete remedy at law he cannot proceed by injunction.

In the case of *Railway Co. v. City of Hiawatha,* 95 Kan. 471, 472, 148 Pac. 744, this court said:

"When the taking is by a governmental subdivision of the state the public credit with the power of taxation behind it affords ample security for the fulfillment of the obligation to make compensation. Consequently when the state acts directly or mediately through the agency of a municipal corporation all that is required is that a remedy be provided to which the property owner may resort to have his proper compensation assessed and paid."

This rule was followed in the case of *Sullivan v. City of Goodland,* 110 Kan. 359, 203 Pac. 732.

Where an agency of the state acting under authority of law appropriates private property for its use, injunction will not lie because of irregularities in the procedure, unless the property owner has been deprived of the right of proper compensation. The drainage district in this case appears to have proceeded regularly in the condemnation of the land in question, exercising a power granted it by the legislature in accordance with the procedure prescribed in the act. There is no contention that the district is insolvent, and consequently the landowner had an adequate remedy in damages.

It is contended by the appellants that the district was without authority to proceed with the improvement because the voters defeated the proposal at an election. It must be remembered that the drainage district was acting under the mandate of the court to remove and abate a public nuisance which had been created by the district. The district is vested with express power to enter into contracts with other drainage districts for the improvement of any

natural watercourse to prevent its overflow where the overflow is likely to cause injury. (R. S. 24-407, ¶ 14.) The obligation created by the contract was clearly within the power of the district and the payment provided for therein can properly be made out of the general funds of the district as a part of its current expense. (*State, ex rel., v. North Topeka Drainage District,* 133 Kan. 274, 299 Pac. 637.)

A careful examination of the record fails to show reversible error, and the judgment of the trial court is affirmed.