J. M. DICK and LENA DICK, *Appellees,* v. DRAINAGE DISTRICT No. 2 OF HARVEY, RENO and McPHERSON COUNTIES, KANSAS, *Appellant.*

No. 41,952

ABRAHAM SIEMENS, *Appellee,* v. DRAINAGE DISTRICT No. 2 OF HARVEY, RENO and McPHERSON COUNTIES, KANSAS, *Appellant.*

No. 41,953

ARNOLD A. RATZLAFF, *Appellee,* v. DRAINAGE DISTRICT No. 2 OF HARVEY, RENO and McPHERSON COUNTIES, KANSAS, *Appellant.*

No. 41,954

J. S. FRIESEN, *Appellee,* v. DRAINAGE DISTRICT No. 2 OF HARVEY, RENO and McPHERSON COUNTIES, KANSAS, *Appellant.*

No. 41,955

D. A. FRANZ and MARJORIE FRANZ, *Appellees,* v. DRAINAGE DISTRICT No. 2 OF HARVEY, RENO and McPHERSON COUNTIES, KANSAS, *Appellant.*

(358 P. 2d 744)

Opinion
filed January 21, 1961.

*Evart Mills,* of McPherson, argued the cause, and *George A. Robb,* of Newton, and *J. R. Rhoades* and *George R. Lehmberg,* both of McPherson, were with him on the brief for the appellant.

*Vernon A. Stroberg,* of Newton, argued the cause, and *Kenneth G. Speir, Herbert H. Sizemore* and *Richard F. Hrdlicka,* all of Newton, were with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action by landowners against a drainage district for damages resulting from the appropriation of a right of way on the landowners' property by the drainage district for its use.

The question of substantive law presented is whether the district court of the county in which the land is situated has jurisdiction to hear and determine an independent action for damages where condemnation proceedings instituted by the condemner are void.

This case is one of five separate appeals, the other four cases being numbered 41,952, 41,953, 41,954 and 41,955. Pursuant to a stipulation of the parties that the decision in one appeal shall govern the decision in each of the other appeals they have been consolidated. Only the appeal in 41,947 has been abstracted and briefed and our consideration of these cases is confined to this appeal.

The basic facts giving rise to the appeal in the instant action, aside from procedural complications which are immaterial to relate, may be briefly stated as follows: Early in January of 1953 Drainage District No. 2 of Harvey, Reno and McPherson Counties, Kansas (defendant-appellant, hereafter referred to as the drainage district), instituted condemnation proceedings to acquire a right of way for drainage improvements to be constructed and maintained upon the

land of J. M. Dick and Lena Dick (plaintiffs-appellees, hereafter referred to as the landowners). Pursuant to such proceedings appraisers were appointed by the district court of Harvey County, Kansas, on the 6th day of January, 1953; their report was filed determining the compensation to be made to the landowners for "the real estate, easements and franchises taken;" and the amount of compensation found to be due the landowners was paid into the county treasurer of Harvey County on the 3rd day of April, 1953.

The landowners took no appeal from the condemnation award.

The drainage district entered upon the property of the landowners described in the condemnation proceedings and constructed the drainage improvements.

The landowners first commenced an action to enjoin the drainage district from entering upon their land and constructing the drainage improvements, alleging that the condemnation proceedings were void. The district court of Harvey County overruled a demurrer to this petition from which order an appeal was perfected to the Supreme Court. At the time of the hearing in the Supreme Court the improvements had been constructed and it was held, in an opinion filed March 6, 1954, that the landowners were no longer entitled to injunctive relief, and the issues involved in the case upon the particular pleading then before the court were moot. The cause was remanded with instructions to dismiss the action. (*Dick v. Drainage District No. 2,* 175 Kan. 869, 267 P. 2d 494.)

On the 4th day of March, 1955, the instant action was commenced. The landowners alleged, as they had previously done in the injunction suit, that the condemnation proceedings were void, stating in detail the particulars upon which they relied, and sought damages for the appropriation of their property. The condemnation proceedings, complete with certificates showing payment to the treasurer of Harvey County, were incorporated and made a part of the landowners' third amended petition.

Counsel for the drainage district on April 12, 1957, in arguing a motion to strike certain allegations from the landowners' third amended petition stated:

". . . Now, the fact that the condemnation proceedings were valid or invalid makes no difference in this case and is immaterial and irrelevant to this action. . . . *The only thing left in this case, and in these cases, is how much compensation these plaintiffs are entitled to.*" (Emphasis added.)

The trial court in reliance upon the foregoing admissions sustained the motion to strike. The effect of this ruling was to elim-

inate the invalidity of the condemnation proceedings as an issue in the case.

The answer of the drainage district admitted the condemnation proceedings and placed in issue the value of the land taken. It alleged the sum awarded the landowners by the appraisers and placed in the office of the county treasurer of Harvey County was just, fair and reasonable compensation to the landowners. Other allegations of a defensive nature concerning the extent of damages are immaterial to this appeal.

The landowners' reply joined issues; admitted that the drainage district paid the compensation awarded by the appraisers to the county treasurer of Harvey County; and that the funds remain on deposit with the county treasurer.

At the pretrial conference on the 30th day of December, 1958, after all pleadings had been filed, counsel for the drainage district reaffirmed that "the sole remaining issue in each case was the amount each plaintiff was entitled to recover." As a result thereof the trial court eliminated the defense of the statute of limitations by striking portions of the answer of the drainage district.

After the case was fully at issue and the pretrial conference held, additional counsel appeared for the drainage district and filed a motion to dismiss the action "for the reason that the pleadings disclose the Court has no jurisdiction of the subject matter of the action."

At the hearing on this motion April 15, 1959, previous admissions of counsel for the drainage district were conceded. At the request of counsel for the landowners stricken portions of the third amended petition were restored, and the drainage district's previous motion to strike allegations from the third amended petition was overruled by agreement with counsel for the drainage district. The motion to dismiss the action was overruled by the trial court and appeal has been perfected from this ruling.

It may be noted at this point the answer of the drainage district, not having been altered in any way after restoration of the stricken allegations from the third amended petition, admits the condemnation proceedings to be void. Furthermore, if the motion to dismiss is to be regarded as equivalent to a demurrer, as counsel for the drainage district contend it should, then the motion itself admits the truth of the well-pleaded facts in the third amended petition, and thus admits the condemnation proceedings to be void.

The appellees (landowners) challenge the right of the appellant to be heard, contending that an order overruling a motion to dismiss is not a final order and therefore not appealable under G. S. 1949, 60-3302.

While this court has repeatedly held that the overruling of a motion to dismiss an action by the defendant is not a final order, and is not one of those orders of the district court from which an appeal lies to the Supreme Court until final disposition of the cause in the court below (*Kansas State Highway Comm. v. Moore,* 166 Kan. 408, 201 P. 2d 652; *In re Estate of Sims,* 182 Kan. 374, 321 P. 2d 185; *Sherk, Administratrix v. Sherk,* 181 Kan. 297, 310 P. 2d 899; and *Schraeder v. Sisters of St. Joseph,* 187 Kan. 509, 357 P. 2d 854), there have been exceptions where the order overruling a motion to dismiss was considered equivalent to an order overruling a demurrer to the petition based upon the statutory ground set forth in G. S. 1949, 60-705, *First.* (*Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010.) On this point *Collins v. Richardson,* 171 Kan. 152, 230 P. 2d 1018, cannot be distinguished from the facts in the instant case. There the issues had been made up by the pleadings and a pretrial conference was held, after which the defendant filed a "motion to dismiss for lack of jurisdiction." The trial court overruled the motion to dismiss and appeal followed. In the opinion the court said:

". . . Since this motion raises a question of the jurisdiction of the court the same as a demurrer would have done under G. S. 1949, 60-705, *First,* we review the ruling of the court denying it . . ." (p. 156.)

In the case presently before the court the motion to dismiss challenges only the jurisdiction of the trial court as to the subject matter of the action, thus raising the same question which a demurrer to the third amended petition would have done under G. S. 1949, 60-705, *First.*

The rule is well established where there is an entire lack of jurisdiction that the question may be raised at any time, even for the first time on appeal; and whether the parties have raised the question or not, it is the duty of this court to inquire whenever it appears there is any question as to jurisdiction. (*National Bank of Topeka v. Mitchell,* 154 Kan. 276, 118 P. 2d 519; *Kelly v. Grimshaw,* 161 Kan. 253, 167 P. 2d 627; *In re Estate of Dix,* 161 Kan. 364, 168 P. 2d 537; and *Jeffers v. Jeffers,* 181 Kan. 515, 313 P. 2d 233.)

In has been eight years since the petition was filed in the con-

demnation action and the litigation of the parties has never been presented to the trial court on its merits. Under these conditions and circumstances, and upon the foregoing authorities, the court feels constrained to review the order overruling the motion to dismiss the action and determine the jurisdictional question presented.

The appellees rely upon the rule that admissions, stipulations and agreements of attorneys of record bind the litigants and are conclusive for the purposes of the suit, and cannot be retracted or disregarded. (Citing, *In re Estate of Carrell*, 183 Kan. 491, 327 P. 2d 883; and *Anderson v. Thomas*, 184 Kan. 240, 336 P. 2d 821.)

It must be conceded parties are bound by the formal admissions of their counsel in an action. As applied to the instant appeal, viewing the order overruling the motion to dismiss as the equivalent of an order overruling a demurrer, the appellant is bound by the admission that the well-pleaded facts in the third amended petition are true—thus conceding the condemnation proceedings to be void. But the parties to an action cannot waive the jurisdiction of the court as to subject matter of the action. (*Suits v. Mobil Crude Purchasing Co.*, 182 Kan. 310, 321 P. 2d 167, and cases cited therein at page 314.)

In *City of Hutchinson v. Wagoner*, 163 Kan. 735, 186 P. 2d 243, it was held:

"Jurisdiction of the subject matter of an action is vested by statute and cannot ordinarily be conferred on a court by consent, waiver or estoppel." (Syl. ¶ 4.)

It is the contention of the appellant that the landowners' "own petition disclosed the land was taken under valid condemnation proceedings, that after a condemnation proceeding the only remedy of a land owner who is dissatisfied with an award is to appeal to the District Court, that such remedy is exclusive, and that therefore the court had no jurisdiction of this separate action for damages."

The appellant argues the drainage district was organized and existing under and by virtue of the provisions of G. S. 1949, 24-601, *et seq.*; that it had the right of eminent domain under G. S. 1949, 24-612, which prescribes the procedure to be followed by the drainage district; and that the appellees' third amended petition shows on its face the statutory condemnation proceedings were fully completed, but that no appeal was taken from the condemnation award within ten days as required under G. S. 1949, 61-1001, applicable in

such proceedings. (G. S. 1949, 24-617.) (See, also, G. S. 1949, 66-901, *et seq.*) It is argued the constitutional guarantees under the Fourteenth Amendment to the United States Constitution and the *Kansas Constitution*, Article 12, Section 4, against the taking of private property for public use without just compensation, were fully satisfied by the condemnation proceedings, and the remedy of appeal was afforded the appellees had they chosen to use it.

The proposition of law propounded by the appellant is that when land is taken or damaged by authority of a constitutional statute and in compliance with its provisions, and the statute provides a means of recovering damages which may be instituted by the owner of the land, the statutory remedy is exclusive. (Citing, 18 Am. Jur., Eminent Domain, § 380, p. 1022; *Kaukauna Co. v. Green Bay &c. Canal*, 142 U. S. 254, 35 L. Ed. 1004, 12 S. Ct. 173; and cases cited under Note 35, 30 C. J. S., Eminent Domain, § 395, p. 106.)

The appellant's case is founded upon the premise that the condemnation proceedings in the instant action were valid. For support the appellant relies in part on allegations in its answer. This it cannot do. Viewing the order overruling the motion to dismiss the action as equivalent to an order overruling a demurrer to the third amended petition, our inquiry is limited solely to the allegations of the pleading under attack. (*Schraeder v. Sisters of St. Joseph*, supra.) For the reasons heretofore stated the appellant is bound on this appeal by its admission that the condemnation proceedings were invalid.

The third amended petition recites that the purported condemnation proceedings were void and of no effect and, among other factual allegations stated as reasons therefor, alleged that the "Petition in Condemnation did not mention or indicate that there would be any levees and dikes, although dirt was piled along side of said stream in such a manner as to create levees or dikes."

The provisions of G. S. 1949, 24-612, applicable herein, giving drainage districts *the power of eminent domain* require the petition in condemnation to set forth "the location and character of the right of way needed and describing the lands to be crossed, *the size of the ditches, levees, dikes and other works.*" (Emphasis added.)

The purpose of the foregoing requirement is to enable the appraisers to properly assess the damages to which a landowner is constitutionally entitled. Obviously, a failure in the petition to indicate or give a proper description of the levees and dikes to be constructed would not comply with the statute and invariably

lead to litigation. The landowners' remedy in such situation is not limited to an appeal from the award of the appraisers. It is con-templated in the law of eminent domain that the landowner shall have a right to have a fair appraisal by fair and impartial commis-sioners who are possessed of all the facts necessary to determine what just and full compensation for the landowners shall be under the circumstances. In addition to this the landowner has a right to appeal from the award if he is dissatisfied. For failure to comply with the conditions imposed by the *empowering statute* in an eminent domain proceeding, see *Strain v. Cities Service Gas Co.*, 148 Kan. 393, 395, 83 P. 2d 124; and *Sutton v. Frazier*, 183 Kan. 33, 325 P. 2d 338.

Many landowners whose property has been condemned would be willing to accept the award of impartial commissioners when the decision as to just compensation is based upon all of the neces-sary facts, but not otherwise.

The law-making body in its legislative wisdom specifically pre-scribed what facts were to be stated in the petition for condemna-tion, the jurisdictional instrument requisite to the commencement of a valid condemnation proceeding. A vital failure in this docu-ment, one which makes it impossible for the commissioners to award just and full compensation to the landowner, vitiates the proceeding. A decision to the contrary would in effect foster and promote litigation in condemnation proceedings. It would burden landowners with costly expenses and delay, and thereby serve only to defeat justice in matters of eminent domain where the legislature has specifically taken the precaution to safeguard against such abuse by a condemning authority.

The question thus presented for consideration is whether the district court of Harvey County, where the land is situated, has jurisdiction to hear and determine an independent action for dam-ages, as alleged in the landowners' third amended petition, where the right of way on the landowners' property was appropriated to the use of the drainage district under void condemnation pro-ceedings.

The character of an eminent domain proceeding under Kansas law has been stated and the cases formulating it have been re-viewed in the recent cases of *State v. Boicourt Hunting Ass'n*, 177 Kan. 637, 282 P. 2d 395; and *Sutton v. Frazier*, 183 Kan. 33, 325 P. 2d 338. A condemnation proceeding under Kansas law is a special statutory proceeding in the nature of an inquest. A dis-

tinction is made between the special statutory proceeding used in condemning the property and the nature of the appeal from the commissioners' award. Title to the property and right to possession pass to the condemning authority by the special statutory proceeding, and this cannot be contested on an appeal from the award by the landowner. (*State v. Boicourt Hunting Ass'n*, supra; *Glover v. State Highway Comm.*, 147 Kan. 279, 77 P. 2d 189; *State Highway Commission v. Griffin*, 132 Kan. 153, 294 Pac. 872; and *Cline v. Kansas Gas & Electric Company*, 182 Kan. 155, 318 P. 2d 1000.) The foregoing cases recognize that no *action* is pending in the district court, which appoints the commissioners in a condemnation proceeding, until an appeal is taken by the landowner from the award by the commissioners.

Once the owner of land takes an appeal from an award in a special statutory condemnation proceeding which might otherwise be invalid, he assumes the risk of giving the condemnation proceeding the breath of life. Until an appeal is taken by a landowner from an award the property condemned is completely beyond the court, for the court itself in the condemnation proceeding never assumes the possession of or dominion over the property at any stage.

The question presented by this appeal has been touched upon in numerous Kansas cases. Most nearly in point is *Dugger v. State Highway Commission*, 185 Kan. 317, 342, P. 2d 186. There the landowner brought a common law action for damages against the state highway commission alleging in his petition that the commission changed the grade of the highway along his property contrary to the city ordinance of Mankato, Kansas, and in addition thereto entered upon a strip of land approximately fifteen feet wide owned by the plaintiff, which neither the city of Mankato nor the state of Kansas had acquired for highway use. The trial court sustained a demurrer to the petition on the ground it had no jurisdiction of the subject of the action, and the petition did not state facts sufficient to constitute a cause of action. This court reversed the decision holding the trial court had jurisdiction over the subject matter of the action. It was said the landowner lost property rights by reason of the highway development.

As applied to the facts presently before the court, the appropriation of private property by invalid condemnation proceedings has no greater legal effect than the appropriation of private property without condemnation proceedings. Therefore, the rule in *Dugger v. State Highway Commission*, supra, controls the jurisdictional question in the instant case.

In *Dick v. Drainage District No. 2*, supra, involving these same parties, the court in discussing an action for injunctive relief said:

". . . Although not exactly parallel a case much closer in point from the standpoint of facts, pleadings and legal principles involved, and of far more value as a controlling precedent, is *Diehn v. Penner*, supra, wherein it is said that even if the condemnation proceeding therein involved was wholly void as claimed that *the plantiff had an adequate remedy in damages and was not entitled to injunctive relief.* The fact that in this case a drainage district is the principal defendant instead of a sewer district; that here the county treasurer is joined as a party defendant solely for the purpose of obtaining relief incidental to the injunction proceeding; and that there the trial court sustained a demurrer to the petition while here a demurrer was overruled affords no sound ground for refusing to follow the rule announced and applied in *Diehn v. Penner*, supra, and cases there cited." (Emphasis added.) (p. 873.)

In *Diehn v. Penner*, 169 Kan. 63, 216 P. 2d 815, the court was confronted with an injunction action and in denying injunctive relief said:

". . . In that situation, even if its condemnation proceeding was wholly void—a point which we do not here determine—*appellant has an adequate remedy in damages* and is not entitled to relief in an injunction action. (See *Brookings v. Riverside Drainage Dist.*, 135 Kan. 234, 9 P. 2d 656; *Sullivan v. City of Goodland*, 110 Kan. 359, 203 Pac. 732; *Railway Co. v. City of Hiawatha*, 95 Kan. 471, 148 Pac. 744)." (Emphasis added.) (p. 66.)

The cases in this jurisdiction which have denied a landowner the right to contest the validity of a condemnation proceeding on appeal from an award of the commissioners have hastened to recognize that common law remedies are available to a landowner seeking to protect his interest in the property being condemned, but to litigate such questions the landowner must do so in a separate independent action. (See, *Provident Mut. Life Ins. Co. v. State Highway Comm.*, 155 Kan. 351, 125 P. 2d 346; *State v. Boicourt Hunting Ass'n*, supra; *Bumm v. Colvin*, 181 Kan. 630, 312 P. 2d 827, and authorities cited therein at pages 636 and 637; *Franks v. State Highway Commission*, 182 Kan. 131, 137, 319 P. 2d 535; and *Cline v. Kansas Gas & Electric Co.*, supra.)

In conclusion we hold the district court in which the land is situated has jurisdiction to hear and determine an independent common law action for damages, where property of the landowners is appropriated to the use of a governmental authority under void condemnation proceedings.

The order of the trial court overruling the appellant's motion to dismiss the action is affirmed.