No. 24,088.

JOHN H. SCHMIDT, *Appellant,* v. THE FONTRON LOAN AND TRUST COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Purchase of Real Estate—Sufficiency of Abstract of Title.* In a contract to purchase a tract of land. where the vendor agreed to furnish an abstract "showing a good, clear and unencumbered record title, free from clouds of every kind whatsoever," it is no valid objection to an abstract of title that the estate of the last record title holder, decedent, was not subjected to administration when it was abundantly shown that the decedent left no debts and that she had no creditors.

2. SAME. When an abstract of title clearly shows that the fee title was vested in an intestate decedent, and is supplemented by an adequate showing of recorded affidavits that decedent had no debts and no creditors against her personal estate, and that her sole surviving heir was her son upon whom

her real estate devolved by operation of law, and through whom the defendant vendor claimed by warranty deed of record, such abstract and supplementary showing fully complied with a provision of a contract to purchase land, in which it was stipulated that the vendor should furnish an abstract of title "showing a good, clear and unencumbered record title, free from clouds of every kind whatsoever."

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 6, 1923. Affirmed.

. *C. M. Williams, D. C. Martindell,* both of Hutchinson, *Nestor Rummons,* and *J. G. Hughes,* both of Hobart, Okla., for the appellant.

*C. E. Branine,* and *H. R. Branine,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   This was an action to recover a $1,000 payment on the $10,000 purchase price of 80 acres of Harvey county land which plaintiff had bought from defendant on a contract which provided that the vendor was to furnish an abstract of title "showing a good, clear and unencumbered record title, free from clouds of every kind whatsoever."

The abstract furnished pursuant to this contract traced title by mesne conveyances from some unchallenged source down to one Nancy Mincer, a resident of Harvey county, who died intestate on December 22, 1918.   Supplementing this were affidavits, which had been recorded in the office of the register of deeds, showing beyond cavil that Nancy Mincer owed no debts and had no creditors, and that her sole heir was her only son, Joseph V. Richardson, under whose recorded conveyance the defendant held title.

Plaintiff objected to the sufficiency of the abstract because there had been no administration of Nancy Mincer's estate, and no decree of court adjudicating the fact that Joseph V. Richardson was her only heir, and that such record of administration and decree should be shown on the abstract.

Because of these objections plaintiff declined to go ahead with his bargain and commenced his action to recover a thousand dollars he had paid on the contract.   He was defeated, the judgment reciting that plaintiff's objections to the abstract had no merit, that the abstract fully complied with the terms of the contract of purchase, that the $1,000 payment was in the nature of an option; and the judgment allowed the plaintiff a 30 days' extension of time to pay the balance due on the purchase price if he should elect

to consummate the contract; otherwise he should be barred of all interest in the land, and that defendant would be entitled to retain the $1,000.

Plaintiff appeals.

No question was raised as to the sufficiency of the affidavits to prove that Nancy Mincer had no debts or other business affairs to justify or require an administration of her estate. Therefore administration was unnecessary and would have served no purpose. (*Brown v. Baxter,* 77 Kan. 97, syl. ¶ 2, 94 Pac. 155, 574.) Moreover, administration of her personal estate would not affect her real property unless some showing were made that it was or might be required to pay debts of the decedent. An administrator cannot meddle with the real estate of a decedent under any other circumstances (*Head v. Sutton,* 31 Kan. 616, 3 Pac. 280); it passes at once to the heirs at law; and in this case the 80 acres in controversy descended directly to Joseph V. Richardson by operation of law, regardless of the want of any administration of Nancy Mincer's estate.

As to the want of a decree adjudging that Joseph V. Richardson was the sole heir of Nancy Mincer, it does not appear how such a lawsuit could be instituted. Who would Richardson or this defendant sue to obtain such a decree? Nobody claimed adversely; nobody having color of right appeared in the record, nor in this case was there room for conjecture that any such might exist. Whatever different rule may prevail in other states, the common and appropriate way of showing title by descent in Kansas is the one followed here—by recorded affidavits of trustworthy and disinterested persons who know the facts, showing with sufficient comprehensiveness and detail the relationship by blood or marriage, or both, between the decedent who held the record title and those who assume to convey title thereunder by virtue of the statute of descents.

(*Van Gundy v. Shewey,* 90 Kan. 253, 133 Pac. 720; note in 7 A. L. R. 1172; Warv. Abstr., p. 313, quoted in *Linscott v. Moseman,* 84 Kan. 541, 547, 114 Pac. 1088.)

It is not to be assumed that the contract contained a condition with which it was impossible for defendant to comply, yet here the plaintiff demanded some sort of *decree* which our code of civil procedure does not supply. Defendant fully complied with its con-

tract. Plaintiff's objections to the abstract were capricious and hypercritical, and the judgment of the trial court was correct.

Minor other matters raised below need no attention now, and nothing further appears in the record which requires discussion.

Affirmed.