No. 31,322

In the Matter of the Estate of Mollie Taylor Jones, Deceased. (THE FIRST COLORED BAPTIST CHURCH OF JUNCTION CITY, *Appellant*, v. CHRISTOPHER COLUMBUS CALDWELL, *Appellee*.)

No. 31,342

THE FIRST COLORED BAPTIST CHURCH OF JUNCTION CITY, *Appellee*, v. CHRISTOPHER COLUMBUS CALDWELL, *Appellant*.

(27 P. 2d 239.)

Opinion filed December 9, 1933.

*U. S. Weary*, of Junction City, for appellant and appellee First Colored Baptist Church of Junction City.

*James V. Humphrey* and *Arthur S. Humphrey*, both of Junction City, for appellee and appellant Christopher Columbus Caldwell.

The opinion of the court was delivered by

SMITH, J.: One of these actions is an appeal from an order overruling a motion to reopen a final settlement in the probate court. The other is an action for a declaratory judgment determining title to real estate.

The facts are brief. Mollie Taylor Jones died and her will was admitted to probate. Christopher Columbus Caldwell was her only heir at law. The will devised the real estate in question to a life

tenant with remainder to The Second Baptist Church of Junction City. When the executor filed his final report his petition for a discharge included a prayer that the probate court adjudge who were the heirs of the deceased. The probate court approved the final report and found that Caldwell was the sole heir at law and that the remainderman, The Second Baptist Church of Junction City, was not incorporated at the time of the death of decedent and that the remainder to the church failed for want of a legal devisee and that the remainder would go to the heir at law. This order of. the probate court was made on September 4, 1931.

On June 13, 1932, The First Colored Baptist Church of Junction City filed a motion in the probate court claiming that it was a corporation commonly known as The Second Baptist Church. It asked the court to set aside the finding and order of September 4, 1931. With this motion the church offered an answer to the executor's petition. This answer alleged that The First Colored Baptist Church was granted a charter in 1873; that in the course of time the name was forgotten and it became known as The Second Baptist Church. The motion to reopen was overruled by the probate court. This order was appealed to the district court, where the action of the probate court was affirmed.

The first action that we have here is an appeal to this court from that order. We will consider that case first. The motion of appellants follows the provisions of several statutes. The first paragraph of the motion follows R. S. 60-2530. The last clause of the same paragraph follows R. S. 60-3001, paragraph 5. The second paragraph of the motion follows R. S. 60-3007, paragraph 7. Do these sections govern procedure in the probate court?

R. S. 60-3823 provides, in part, as follows:

"Until the legislature shall otherwise provide, this code shall not affect . . . proceedings under the statutes for the settlement of estates of deceased persons. . . ."

Hence we must examine the provisions of the code to ascertain whether it was the intention that the sections in question were to apply to probate procedure.

R. S. 60-2530 is, in part, as follows:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend . . ."

This section is part of the code which provides for constructive service by publication in the district court. The section provides for the opening of judgments that have been obtained after service pursuant to the sections immediately preceding it. Clearly the sections preceding this one would not be used to obtain service in a probate court. We hold that R. S. 60-2530 provides for opening a judgment that has been obtained by publication in the district court and does not apply to probate courts.

The second ground for setting aside the order of the probate court is that the church has discovered material evidence which it could not with reasonable diligence have produced at the trial. This follows subdivision 5 of R. S. 60-3001. That section is, in part, as follows:

"A new trial is a reëxamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by the court. The former verdict, report or decision shall be vacated and a new trial granted, on the application of the party aggrieved, when it appears that the rights of the party are substantially affected: *Fifth.* For newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Clearly this section applies to trials in the district court. There is nothing about the section which would indicate that it was intended to apply to proceedings in probate court.

The next ground of the motion is that unavoidable casualty or misfortune prevented petitioner from defending. This is brought under the provisions of subdivision 7 of R. S. 60-3007. That section is, in part, as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: . . . *Seventh.* For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

This section under the provisions of R. S. 60-3016 applies to probate courts, but no showing of unavoidable casualty or misfortune is made. We hold that the allegations of the answer that was offered are not sufficient to constitute the showing required by the statute. The unavoidable casualty and misfortune pleaded is the loss of the records of the church and the forgetting of the name. One cannot rely on this statute to open a judgment when the casualty and misfortune have been caused by his own negligence and where he has been lacking in diligence. (See *Gooden v. Lewis,*

101 Kan. 482, 167 Pac. 1133.) From what has been said we have concluded that the trial court was correct in its ruling on the motion to open the proceeding in probate court.

We will now consider the second case. After the decision of the district court in the case just discussed the church brought a declaratory judgment action asking for a judgment that Christopher Columbus Caldwell had no title to the real estate in question. The petition set out the will and the reason as heretofore given why it was claimed that the church named in the will as The Second Baptist Church was really The First Colored Baptist Church. Caldwell was the defendant in that suit. He answered setting out various matters that were deemed to be defenses to the action. Among other defenses pleaded was the finding of the probate court that the remainder devised to the Second Baptist Church had failed because the church was not incorporated, and the adjudication that Caldwell was the sole heir. The church demurred to this paragraph of the answer. The demurrer was sustained. Caldwell appeals from that judgment to this court. If the probate court has power to determine who were the heirs and devisees, then the matter was *res adjudicata* and cannot be tried again in the district court. If the probate court did not have any such power then the matter was not *res adjudicata* and is being raised for the first time in this action.

The jurisdiction of the probate court is found in R. S. 20-1101, 7th subdivision. It is as follows:

"To have and exercise the jurisdiction and authority provided by law respecting executors and administrators, and the settlement of the estates of deceased persons."

The personal representative, as such, in this state has no right, title or interest in the real estate of deceased, nor in its rents or profits. This question was considered by this court in the case of *Lindholm v. Nelson*, 125 Kan. 223, 264 Pac. 50. There a widow had conveyed away her interest in the real estate by a deed and her interest in the personal property by a bill of sale. Final settlement of the estate was had and the probate court found the property should pass in accordance with the conveyances mentioned. Later the widow brought suit to set aside the conveyances because of fraud and lack of consideration. The person to whom the conveyances were made argued that the action could not be maintained because of the judgment of the probate court and the final settlement of the

estate of Axel Lindholm, of which she had actual notice but did not appear. This court said:

"This contention cannot be sustained. The personal property of the estate of Axel Lindholm was more than sufficient to pay his debts and the expense of administration; there was a sum left for distribution. The administrator, therefore, had nothing to do with the real estate. His bond was based on the value of the personal estate only (R. S. 22-313). Crops growing on the land at the time of the death of decedent passed to the administrator as a part of the personal property of the estate. (R. S. 22-502; *Blakely v. Blakely,* 115 Kan. 644, 645, 224 Pac. 65.) The real property itself passed to the heirs (R. S. 22-108, 22-118), with right to possession, and rents and profits. The administrator had nothing to do with it unless it was necessary to pay debts, as provided by R. S. 22-801. (*Head v. Sutton,* 31 Kan. 616, 3 Pac. 280; *Schmidt v. Loan & Trust Co.,* 112 Kan. 535, 537, 211 Pac. 630; *Nagle v. Davison,* 124 Kan. 230, 257 Pac. 962.) Although the personal estate only is to be appraised (R. S. 22-504), the inventory shall include all the real estate of the deceased. (R. S. 22-501.) There are several reasons why it is advisable to have the real estate listed in the inventory, but this listing gives the administrator no authority over it, and gives the probate court no jurisdiction to dispose of it, except under conditions specifically provided by statute." (p. 229.)

If one is an heir to real estate the title passes to him on the death of the person whose heir he is. If he is a devisee of real estate the title passes to him when the will is probated. The executor as administrator is a stranger to the title and has no concern with it unless some of the conditions exist that are enumerated in *Lindholm v. Nelson,* supra. It is not argued that any of these conditions exist in this case. Since the executor had no interest in the title to the real estate in this case, it follows that no proceeding initiated by him could be the basis of a judgment determining title to real estate.

It follows that the demurrer to the paragraph of the answer that set up the adjudication in the probate court was correctly sustained.

The judgments of the trial court in both cases are affirmed.

HUTCHISON, J., not sitting.