No. 34,291

D. G. RICHARDS, Administrator de bonis non of the Estate of Laura A. Tiernan, Deceased, *Appellant*, v. ROBERT S. TIERNAN, *Appellee*.

(91 P. 2d 22)

Opinion filed June 10, 1939.

*Glenn H. Louderback,* of Fort Scott, for the appellant.

*Douglas Hudson* and *Howard Hudson,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by an administrator *de bonis non* to recover possession of a certificate of corporate stock and dividends collected thereon. A demurrer based upon the grounds the petition stated insufficient facts to constitute a cause of action, and that the action was barred, was sustained. From that ruling plaintiff appeals.

The petition filed on January 12, 1938, was in substance as follows:

Plaintiff is the duly appointed, qualified and acting administrator *de bonis non* of the estate of Laura A. Tiernan, deceased, and his post-office address is Fort Scott, Kan.; the defendant, Robert S. Tiernan, is now and has been at all times herein mentioned since 1928, a resident of Kansas City, Mo.; Laura A. Tiernan died at Fort Scott, March 31, 1906, and administration was first had on her estate in the month of June, 1927; she left as her only heirs at law five children, Charles, William, Raymond, Robert S. Tiernan, the defendant, and Stella Tiernan Stour; at her death Laura A. Tiernan was the owner and holder of 58,520 shares of the capital stock of the Southwestern Coal & Iron Company, a Utah corporation, which shares were represented by a considerable number of stock certificates assigned by her in blank; some time after the death of Laura A. Tiernan, and before administration was had upon her estate, a person whose name is unknown to plaintiff was attempting to purchase a majority of the capital stock of the corporation, and the defendant Robert S. Tiernan represented himself and the other heirs in the transaction herein stated; for the purpose of

convenience in the event a sale of the stock was made to the prospective purchaser, it was agreed by and between defendant and the remaining heirs that said certificates of stock owned by the estate should be consolidated into one certificate and should be issued to the defendant, Robert S. Tiernan, as trustee; in accordance with that agreement defendant caused the Southwestern Coal and Iron Company to issue a new certificate for the entire number of shares of stock, and that a certificate was issued to the defendant as trustee; in the year 1929 the stockholders of that corporation voted to convey all the property of the corporation to the Southwestern Coal Company, a new corporation to be organized under the laws of the state of Utah; the latter corporation was organized and it took over all the assets of the former corporation; in the reorganization each stockholder in the new corporation was to receive the same number of shares he held in the old corporation; when the stock of the new company was issued the defendant, Robert S. Tiernan, unlawfully, wrongfully, fraudulently and falsely represented to the new company that he was the sole owner of the 58,520 shares of the capital stock of the old company, and that he had acquired the interests and rights of the other heirs of Laura A. Tiernan, deceased; upon those representations there was issued to him as sole owner by the new company, a single certificate for all of the shares of stock; in December, 1935, and in March, 1937, the new company declared and paid two separate dividends on the stock in the aggregate amount of $5,266.80 to the defendant; plaintiff is entitled to have the certificate of stock assigned to him, and to a money judgment in the amount of dividends received; demand for such assignment and payment of dividend was made upon the defendant and the demand was refused; defendant has been a nonresident of the state of Kansas continuously from the time of the accrual of this action in the year 1929 to the date of the filing of this petition; the certificate of stock is an asset of the estate of Laura A. Tiernan, deceased, and plaintiff, as administrator *de bonis non,* is entitled to the possession thereof and to the dividends paid thereon.

Did the court err in sustaining the demurrer? The first question is, whether under the facts admitted by the demurrer this action can be maintained by an administrator. Is the administrator the real party in interest? Laura A. Tiernan died intestate in 1906. No administration of her estate was attempted until the year 1927. The title to the personalty, the shares of stock, passed upon her death to her heirs, including the defendant, subject only to the payment of

her debts. (G. S. 1935, 22-118, 22-130.) The time for filing claims against her estate had expired long prior to the appointment of the administrator in 1927. (G. S. 1935, 22-702, and all former nonclaim statutes.) See, also, G. S. 1935, 22-312. Creditors, if such existed, were required to exercise diligence in procuring the appointment of an administrator to whom they might present their claims for allowance, and failing to exercise such diligence their claims became barred. (*Robertson v. Tarry,* 83 Kan. 716, 718, 112 Pac. 603; *Crow v. Hartzler,* 103 Kan. 800, 802, 176 Pac. 651; *Timmonds v. Messner,* 109 Kan. 518, 200 Pac. 270; *Glathart v. Madden,* 122 Kan. 563, 253 Pac. 426.) Creditors were required to wait only fifty days after the death of Laura A. Tiernan to apply for the appointment of an administrator. (*Robertson v. Tarry; Crow v. Hartzler* and *Glathart v. Madden,* all supra.) An administrator takes title to the property of a decedent as a trustee and only for the purpose of administering the estate. In the process of administration he represents two. classes of persons, creditors and heirs. Creditors of the estate, if any, slept upon their rights, their claims were barred and as to them no administration was required when plaintiff was appointed over twenty-one years after the death of Laura A. Tiernan. The rights of the heirs to the stock were at that time no longer limited or restricted by claims of creditors. Their original limited or qualified ownership had then become unqualified and complete. (*Brown v. Baxter,* 77 Kan. 97, 94 Pac. 155; *Glathart v. Madden,* supra.) They were the owners of the stock. What occasion was there in 1927 for administering on the estate of the decedent? Obviously none. By the year 1927 the rights of creditors, if any ever existed, had vanished. Where there are no creditors administration has no office to perform. (*Brown v. Baxter; Glathart v. Madden,* supra; *Riffe v. Walton,* 105 Kan. 227, 231, 182 Pac. 640; *Schmidt v. Loan & Trust Co.,* 112 Kan. 535, 537, 211 Pac. 630.) There are some exceptions, such as compulsory administration for succession tax purposes, but none of them is involved in the instant case.

This action was commenced by the administrator in 1938, a period of over thirty-one years after the death of Laura A. Tiernan. Not only could he at that time in no manner represent the creditors, but he likewise had no function to perform for the heirs. They had, prior to his appointment, made their own disposition of their rights in and to the stock. Where rights of creditors are not involved such voluntary settlements are favored, in this state, and when fairly entered into will not be disturbed. (*Brown v. Baxter; Riffe v.*

*Walton,* supra.) It is not alleged any undue influence, over-reaching or fraud tainted the disposition which they made of the stock prior to the year 1927. It was not challenged by creditors who alone could have been concerned. Upon what theory then can a court now invest the administrator with authority to set aside the voluntary agreement and settlement of the heirs? Manifestly, upon no theory. It is only alleged that one of the heirs, the defendant, Robert S. Tiernan, later and in 1929, fraudulently repudiated his trust. The repudiation of that trust concerned only the heirs in their individual capacity, in which capacity they created the trust. They alone in that individual capacity, if anyone, can now complain of the repudiation of the trust which it is conceded was known to them in the year 1929. The result is the heirs, and not the administrator, are the real parties in interest. (*Brown v. Baxter; Glathart v. Madden,* supra.) It follows the administrator, as such, cannot maintain this action. Since he cannot maintain the action at all, we need not discuss the second ground of the demurrer, namely, that the action is barred.

Plaintiff reminds us the petition alleged the certificate of stock was owned by the estate and that the demurrer admits the averments of the petition. The demurrer, of course, only admits facts properly pleaded. It does not admit naked conclusions (*Kretchmar v. City of Atchison,* 133 Kan. 198, 204, 299 Pac. 621), and, of course, never admits erroneous conclusions. In view of other facts pleaded, it clearly appears the stock is no longer an asset of the estate, but the sole property of the heirs.

The trial court made findings of fact in connection with the ruling on the demurrer to the petition, some of which are criticized as being somewhat inaccurate. Findings of fact, of course, were not required on a ruling on a demurrer to the petition. We have before us the petition, and the court reached the proper conclusion in sustaining the demurrer. That is all that is necessary on appeal.

We have reviewed the authorities cited by plaintiff on the general proposition that an administrator is the proper person to recover the assets of a decedent's estate. That such is the law cannot be doubted. He is not only the proper person to do so, but that is his duty. (*Farmers State Bank v. Mitchell,* 143 Kan. 286, 292, 55 P. 2d 423.) Here, however, he is endeavoring to recover property which is not now an asset of the estate, and to disturb a voluntary settlement and disposition of property fairly entered into by the heirs, which they had full authority to make.

The order sustaining the demurrer to the petition is affirmed.