No. 35,993

Lizzie Evans, *Appellant,* v. Frank E. Marsh, doing business as the Marsh Engineering Company, et al., *Appellees.*

No. 35,994

Ethel Stallard, *Appellant,* v. Frank E. Marsh, doing business as the Marsh Engineering Company, et al., *Appellees.*

(145 P. 2d 140)

Opinion filed January 22, 1944.

*A. Harry Crane,* of Topeka, argued the cause, and *Ward D. Martin,* of Topeka, was on the briefs for the appellants.

*Walter T. Chaney,* of Topeka, argued the cause, and *Lawrence J. Richardson,* of Topeka, was on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: The actions in this appeal were brought to recover alleged damages to real estate. The substance of the actions is the same and they are treated together. Demurrers were sustained to second amended petitions, and plaintiffs appeal.

Omitting formal parts, it is alleged that Stonehouse Drainage District No. 1 of Jefferson county is a duly organized corporation under

Laws 1905, ch. 215, and acts amendatory thereto, and that defendants, Sturm, Baker and Hoekstra, were presuming to act as officers for and on behalf of the drainage district on July 3, 1939, but that they were exceeding their authority and actually acting as individuals because their acts were illegal and void as a drainage district as shown by the decision of the Supreme Court of Kansas in *State, ex rel., v. Stonehouse Drainage Dist.*, 154 Kan. 422; that on the above date in the name of the drainage district they entered into a contract with defendant Marsh, pursuant to certain preliminary steps, consisting of notice to contractors, proposal and specifications, copies of which, with the contract, were attached as exhibits. It is further alleged that sometime between June 27, 1941, and November 30, 1941, defendant Sturm was replaced on the drainage district board by defendant Roelofsz, and that defendants, Roelofsz, Baker and Hoekstra, as individuals, but assuming to act for the board, through its and their employee, defendant Marsh, and Marsh individually, wrongfully and without authority did enter upon the described real estate of plaintiff in Jefferson county and start the digging of a ditch diverting the water of Stonehouse creek on the lands of plaintiff, the details of which are pleaded but need not be repeated here; that because of the wrongful entry upon her lands and the digging of the ditch plaintiff has been irreparably damaged; that her lands are now subject to overflow and to washing and that the ditch will grow wider and deeper. It is further alleged that defendant Marsh entered upon a bond in favor of the Stonehouse Drainage District conditioned upon faithful performance of his contract, a copy of the bond being attached as an exhibit; that the bond was given pursuant to G. S. 1935, 24-426; that under the contract the specifications are made part thereof and reference is made to a provision of the specifications requiring observance of all state laws, and that the contractor shall indemnify and hold harmless the board and its officers, agents and servants against any claim or liability based on any violation of such laws, and that the law was clearly violated by entry upon plaintiff's lands and the digging of the ditch, since the drainage district proceedings were void and illegal, and that defendant Holt was the surety on the bond. It is further alleged that plaintiff had demanded of the drainage board members and of the contractor that the dirt removed be replaced and had made additional efforts to have the same done so as to reduce her damages, but without success. She prayed for damages in a stated sum.

The defendants demurred on two grounds—that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained generally and plaintiff appeals.

The briefs filed cover many contentions and determination of some of them renders others immaterial. In support of the trial court's ruling appellee directs attention, among other things, to the rule stated in *Grentner v. Fehrenschield*, 64 Kan. 764, syl. ¶ 1, 68 Pac. 619, and followed in later cases, that if the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient, and. argues that the petition under consideration presents a confusion of theories and a failure to plead upon a single and definite theory. The appellant insists that his action is one in trespass and to recover against the defendants in their individual capacities, this because of alleged illegal acts as directors of the Stonehouse Drainage District, by defendants Sturm, Baker, Hoekstra and Roelofsz, and by defendant Marsh under an unlawful contract, and for our purposes we shall so consider it. Assuming sufficiency otherwise, the action for trespass sounds in tort, and denies legality of the acts performed. Assuming any cause of action is stated against defendant Holt, it is based on his liability on the bond of Marsh, and assumes legality of the contract. Even though these two actions based upon these inconsistent positions could otherwise be joined, it is quite apparent that all of the defendants are not interested in or affected by each cause of action and the actions may not be joined (G. S. 1935, 60-601).

We next examine the petition to determine whether it states a cause of action in trespass against the defendants or any of them. The substance of the allegations of the petition is that Stonehouse Drainage District is a corporation under Laws 1905, ch. 215 (G. S. 1935, 24-401 *et seq.*) and that on July 3, 1939, defendants, Sturm, Baker and Hoekstra, presuming to act as officers of and on behalf of the drainage district let a contract to Marsh for digging a ditch, it being held in *State, ex rel., v. Stonehouse Drainage Dist.*, 154 Kan. 422, 118 P. 2d 587, the contract was illegal and void (perhaps the citation is in error for the digging of the ditch is alleged to have occurred before the above case was decided on November 8, 1941. In a case of the same title, reported in 152 Kan. 188, 102 P. 2d 1017,

decided June 8, 1940, performance of the above-mentioned contract was enjoined, it being held the proceedings on which it was based were void for failure to procure the requisite approval of the chief engineer of the division of water resources); that between June 27, 1941, and November 30, 1941, defendant Sturm was replaced on the drainage board by Roelofsz and he with Baker and Hoekstra, assuming to act for the board did, through their employee Marsh, dig the ditch complained of. There is no allegation that the members of the board of directors were not exercising in good faith the judgment and discretion vested in them under the statute under which the drainage district was organized or that they were guilty of bad faith or abuse of discretion in any manner, or that they maliciously caused any injury to plaintiff or her real estate.

As to the defendant Sturm there is no allegation he did anything subsequent to the letting of the contract, and without more it may be said no cause of action was stated as to him.

As to the defendants, Baker, Hoekstra and Roelofsz, it is clear that plaintiff seeks to hold them individually liable for acts performed by them as the Board of Directors of the Drainage District. In *Gresty v. Darby*, 146 Kan. 63, 68 P. 2d 649, plaintiff brought suit against individual members of the state highway commission and against a contractor and others to recover damages for alleged injury to land caused by diversion of water from a creek in connection with highway improvements. In ruling on a demurrer to the petition this court said:

"It is the general rule of law that state or municipal officials, performing the duties imposed upon them by statutes creating their respective offices and prescribing their duties, and exercising in good faith the judgment and discretion necessary therefor, are not liable personally in damages for injuries to private individuals resulting as a consequence of their official acts. (*Hicks v. Davis*, 100 Kan. 4, 163 Pac. 799; *Construction Co. v. Sedgwick County*, 106 Kan. 410, 186 Pac. 492; 46 C. J. 1045; 22 R. C. L. 487; Mechem, Public Offices and Officers, §§ 612, 613.) Hence, insofar as plaintiffs seek to recover from appellants as individuals the petition failed to state facts sufficient to constitute a cause of action, and appellant's demurrers thereto should have been sustained." (l. c. 65.)

Appellant contends the rule of that case, and others of like import, may not be followed here and that the rule of *Cunningham v. Blythe*, 155 Kan. 689, 127 P. 2d 489, applies. In the latter case the board of county commissioners, who were not charged with the collection of taxes, and who had no jurisdiction to take possession of

real estate until after a certain waiting period as provided in a statute therein referred to, had nevertheless taken possession of real estate and had leased the same to third persons. The owner, whose rights were.adjudicated in a previous suit brought an action to recover his damages from the three county commissioners and their bondsmen. For our purposes here it may be said their defense was that they were acting as, the board of county commissioners and were not individually liable. This court made an extensive review of the law applicable and held:

"The general rule is that immunity from liability to persons who may be injured as the result of quasi-judicial acts performed by public officers does not attach to acts performed wholly outside their jurisdiction.

"Where a public officer performs, without jurisdiction, a quasi-judicial act, he is not exempt from liability to persons injured thereby, at least unless the subject matter of such act belongs to a class over which he has jurisdiction and the act is performed under color of jurisdiction." (Syl. ¶¶ 6, 7.)

We shall not make an extensive review of the law covering organization of the Stonehouse Drainage District, or of its powers (G. S. 1935, 24-401 *et seq.*). The petition alleges the district is a corporation. Under the statute it is a "body politic and corporate" with power to sue and be sued, and to take charge of and exercise control of watercourses, to construct ditches, drains and levees, to levy assessments and special taxes to defray costs of improvements, to levy and collect a general tax to create a general fund, and other powers as set out in the statute (24-407). The affairs of such a district are managed by a board of three directors (24-409) elected by the taxpayers of the district (24-411.) In addition there is full authorization for making improvements. That the three defendants last referred to were operating as directors of the drainage district under color of statute and law and dealing with a matter over which they had jurisdiction is clearly deducible from the allegations of the petition, and from those allegations it is likewise clear that plaintiff seeks to hold them individually responsible because through a mistake of the law applicable, they failed to procure approval of the chief engineer of the division of water resources which we held to be a condition precedent to the making of the proposed improvement.. (See *State, ex rel., v. Stonehouse Drainage Dist.,* 152 Kan. 188, 102 P. 2d 1017.) It is clear from the statute and from allegations of the petition the board of directors was acting within its jurisdiction, and not outside of it as was the board of county

commissioners in *Cunningham v. Blythe*, supra. It would appear that any action the plaintiff may have because of construction of the ditch would be against the district as a body corporate, and politic, and not against the individuals who constituted its board of directors. It may be noted that such an action would have to be brought in Jefferson county, where the district is located (G. S. 1935, 60-503 [2]) and could not be maintained in Shawnee county, where service was obtained on another defendant.

As to defendant Marsh, it is alleged that under a void contract with the drainage district, he proceeded to dig a ditch on the plaintiff's real estate. Under the circumstances the drainage district had no legal right to dig the ditch and Marsh was in no better position. Where two or more parties, by their concurrent wrongdoing, cause injury to the real estate of a third person, the injured party may institute an action against one or all contributing to his injury (*Kansas City v. Slangstrom*, 53 Kan. 431, 36 Pac. 706). Without discussion it may be said that the state and its governmental subdivisions, while constructing public improvements in accordance with statute, are generally immune from actions to recover damages arising therefrom. There is also a well-established rule that one who contracts with a public body for the performance of a public work is entitled to share the immunity of the public body for incidental injuries necessarily involved in the performance of the contract, where he is not guilty of negligence (see 69 A. L. R. 490), but neither rule has application here, for the reason that the damage complained of was not in performance of a legal contract, nor incidental to its performance, but because the work projected was never completed. The drainage district and possibly the contractor may have immunity as to incidental damage occurring without negligence in constructing a ditch, but the damage complained of is not of that type—it is damage occurring because of the failure of the district to properly initiate and complete proceedings leading up to the contract under which the ditch was partially dug and then abandoned without completion. Under the allegations of the petition, defendant Marsh participated with the drainage district in committing the damage and a cause of action was stated against him. The present appeal involves no question of respective rights and liabilities between the drainage district and Marsh.

It is not necessary that we treat at length whether a cause of

action was stated against defendant Holt. It appears that he is surety on the bond of Marsh, given to secure faithful performance of the contract, which was enjoined, and the validity of which is denied.

The law is settled that a party may not both affirm and disaffirm a particular contract, and assert that it is void for certain purposes, and at the same time claim an advantage under it. (See *Osborne v. Kington,* 148 Kan. 314, 80 P. 2d 1063, and cases cited.) Plaintiff's claim for damages is predicated on the proposition the contract between the drainage district and Marsh was void. She will not ·be permitted to say it was valid so that she may state a cause of action against the contractor's surety. No cause of action was stated against the defendant Holt.

In each of the appeals the rulings of the trial court on the demurrer insofar as the ground of misjoinder of causes of action is concerned is affirmed, and insofar as the ground the petition did not state facts sufficient to constitute a cause of action is concerned it is affirmed as to all defendants except the defendant Marsh, and as to him it is reversed.