No. 36,376

Ava H. Tillotson, *Appellant,* v. D. J. Fair et al., *Appellees.*

No. 36,378

Jennie Atchison, *Appellant,* v. D. J. Fair et al., *Appellees.*

No. 36,379

Violet Marie McCullough, *Appellant,* v. D. J. Fair et al., *Appellees.*

(159 P. 2d 471)

Opinion filed June 9, 1945.

*Robert B. Hasty,* of Wichita, argued the cause for the appellants.

*Otho W. Lomax,* assistant attorney general, argued the cause, and *T. M. Stratton,* of Osage City, was on the briefs for appellees commissioners, officials and employees of the State Highway Commission; *Glenn Porter,* of Wichita, argued the cause, and *Getto McDonald, Dwight S. Wallace* and *William Tinker,* all of Wichita, were on the briefs for appellee Stannard Construction Company; *A. D. Weiskirch,* of Wichita, argued the cause, and *George B. Collins* and *C. L. Williams,* both of Wichita, were on the briefs for appellee Frank .Benbow.

The opinion of the court was delivered by

PARKER, J.: These are consolidated actions for damages wherein the.plaintiffs expressly state in their petitions they base their right to recover from the defendants personally on one cause of action only, namely, in tort for violation of their rights in and to an alley and certain lots abutting thereon, resulting from the construction of a drainage ditch in, over, and upon such alley and make no claim against the state of Kansas. The defendants demurred to the petitions as amended. The demurrers were sustained and the plaintiffs appeal.

The plaintiffs are the owners of the lots in question. Defendants are individual members of the State Highway Commission of Kansas and its director alleged to have directed the construction of, employees of that agency charged with the preparation and completion of plans and specifications for, and contractors claimed to have performed according to such plans and specifications the work on, the drainage ditch heretofore mentioned and hereinafter more fully described.

Some diversity appears in the language to be found in the amended petitions but we regard discrepancies as of minor importance to disposition of the issues. For that reason, and, since the cases are consolidated, we shall review questions presented by the appeal giving material allegations appearing in the three amended petitions the same force and effect as if all averments in each were incorporated in one pleading. Hereafter, for purposes of convenience, we shall refer to that pleading as the petition.

Certain portions of the petition can be summarized as follows: On October 2, 1929, the Bonaventure Town Site Corporation prepared and filed a plat known as Travel Air City, Sedgwick county, Kansas, in accordance with the requirements of G. S. 1935, 19-2633, the plat providing "the streets, avenues and alley are hereby dedicated to and for the use of the public." The town, which is unincorporated, is located about two and one-half miles east of the city of Wichita. It has modern houses, available school facilities, business buildings and a population of approximately one hundred.

Block 8, a part of the townsite, was planned as and is the only business block. It is divided midway by an alley, the only one in the site, eighteen feet in width which intersects Goebel street on the east and Hoyt street on the west. Subsequent to the platting of the addition Ava H. Tillotson purchased Lot 9, Jennie Atchison Lot 18 and Violet Marie McCullough Lots 19 and 20. These lots face Central avenue on the south and extend from that street northward to a point where they abut on the alley, the south line of which is the north line of plaintiffs' properties and which provides the only means of access from the rear to buildings located thereon.

Sometime in the spring of 1943 the State Highway Commission condemned a tract of land twenty-five feet in width off the portion of lots situated north of the alley and directly across the alley from those of plaintiffs, but not including any portion of such alley, for a diversion ditch. Thereafter, the commission entered into a

contract with the Stannard Construction Company, which defendant by and through its subcontractor, Frank Benbow, pursuant to plans and specifications prepared by the commission, constructed an open drainage ditch twenty-five feet in width at the top, approximately eight feet in depth and ten feet in width at the bottom, between Goebel and Hoyt streets. In its construction seven feet of the land so condemned and all of the alley was excavated and used for drainage purposes with the result that when completed such ditch entirely obliterated the alley, completely obstructed traffic thereon, did away with the possibility of its use for traffic purposes by the public or by plaintiffs and entirely destroyed its value and use as a means of ingress and egress to and from plaintiffs' properties or for any other use except that for which the ditch was constructed. The petition also states that as completed and now existing such ditch is dangerous to persons who might be within the vicinity in that no safeguards are provided for protection against falling into it, that it carries running sewage continuously which is unsightly, unsanitary and dangerous to the health and well-being of plaintiffs and other persons living in the community, and that the general appearance and condition as described all combine to affect the value of plaintiffs' property and the damage resulting to them from its construction.

The petition further alleges the alley was appropriated and used for drainage purposes without condemnation proceedings or any other legal right to enter thereon and use it for such purposes, that the action of the defendants was without authority in law or any notice to, or consent of the plaintiffs and in violation of their property rights flowing from their ownership of the lots in question and their rights to the use thereof, and that no compensation has been paid plaintiffs for the damages suffered by them as the result of such action.

Other allegations of the petition relate to facts, circumstances and conditions, relied on by plaintiffs to establish liability against the defendants as individuals instead of the State Highway Commission which actually sponsored the drainage project and authorized its construction and completion. It would serve no useful purpose to detail them at length. In substance their fair import is that the State Highway Commission had no legal right to appropriate the alley for drainage purposes and construct the diversion ditch resulting in the damage to plaintiffs' property rights without condemna-

tion or other proper legal proceedings, and in doing so exceeded the power and jurisdiction conferred upon it by statute; that since its action was unauthorized, the defendant engineers and employees who participated in the preparation of plans and specifications and had anything to do with the project in question, the members of the commission and its director who authorized its commencement and completion and the contractors who actually performed the work were each and all engaged in a joint enterprise for the construction of the ditch, were acting beyond the scope of their power and without color of authority, and when it was completed became severally and jointly liable to the plaintiffs, irrespective of the character of the service performed or the date when rendered, for all damage resulting to their property rights from the construction of such ditch even though at all times in question they were subject to the control and acting under the direction of the State Highway Commission.

To the petition, in substance and in the form heretofore related, every defendant in each case demurred on the grounds that several causes of action were improperly joined, and that the petition failed to state facts sufficient to constitute a cause of action. All defendants except Benbow and The Stannard Construction Company demurred on the ground the court had no jurisdiction of the person of the defendants or the subject of the action. Defendant Benbow's demurrer also included additional grounds that plaintiffs had no legal capacity to sue and that the petition was not drawn upon a single or definite theory. The demurrers in each case were sustained generally as to all defendants.

Plaintiffs concede the general rule with respect to personal liability of public officials in the performance of their official duties is that announced in *Gresty v. Darby*, 146 Kan. 63, 65, 68 P. 2d 649, wherein it was stated:

"It is the general rule of law that state or municipal officials, performing the duties imposed upon them by statutes creating their respective offices and prescribing their duties, and exercising in good faith the judgment and discretion necessary therefor, are not liable personally in damages for injuries to private individuals resulting as a consequence of their official acts. (*Hicks v. Davis*, 100 Kan. 4, 163 Pac. 799; *Construction Co. v. Sedgwick County*, 106 Kan. 410, 186 Pac. 492, 46 C. J. 1045 [1042]; 22 R. C. L. 487 [43 Am. Jur. 93, § 280]; Mechem, Public Offices and Officers, §§ 612, 613.) . . ."

Having made that concession they direct attention to *Cunningham v. Blythe*, 155 Kan. 689, 127 P. 2d 489, and other decisions

there cited, holding that the general doctrine of immunity is limited to acts performed within jurisdiction. They point out that the petition under consideration is replete with allegations that the defendants acted outside their jurisdiction and without color of authority. The gist of their contention is that such allegations avoid application of the immunity rule and that notwithstanding its existence the petition states a cause of action against those of the defendants who are officials and employees of the State Highway Commission as individuals. We are unable to reach that conclusion so easily. The mere fact the petition contains statements of the character referred to, which in themselves are merely conclusions, does not of itself permit a conclusion that it states a cause of action. The demurrer only admits facts well pleaded. It concedes neither naked nor erroneous conclusions (*Richards v. Tiernan,* 150 Kan. 116, 91 P. 2d 22, and *Kretchmar v. City of Atchison,* 133 Kan. 198, 204, 299 Pac. 621). Under such circumstances it becomes our duty to search the entire pleading to ascertain whether the conclusions alleged by plaintiffs with respect to lack of jurisdiction and authority are supported by factual allegations which actually show that participation in the construction of the drainage ditch by defendants as officials and employees in the manner charged therein was without the color of authority which would otherwise make them immune from liability.

Examination of the petition reveals that the ditch of which complaint is made was constructed pursuant to a project initiated by the State Highway Commission for the improvement and drainage of a state highway. It concedes the commission had general power and authority by exercise of the right of eminent domain to acquire title to any lands for purposes of state highway construction or drainage, but charges that because it appropriated and used the alley for that purpose without condemnation proceedings required by G. S. 1943 Supp. 68-413, participation by all officials and employees in the preparation and completion of the project was without jurisdiction and beyond the scope of their official authority. It is not alleged that the defendants failed to exercise in good faith the judgment and discretion vested in them under the law or that any of their actions were motivated by malice, corruption or capriciousness.

In our opinion the question of whether a petition containing allegations of facts such as are to be found in the one under consideration states a cause of action is not one of first impression in this

court. In the recent case of *Evans v. Marsh,* 158 Kan. 43, 145 P. 2d 140, the plaintiffs sought recovery in a tort action against individual officials—the directors—of a drainage district under a petition stating that such officers had exceeded their authority and were actually acting as individuals, because their acts were illegal and void as a drainage district, in that they had constructed a drainage ditch on the plaintiff's land under conditions where their action had theretofore been declared by this court to be illegal. The defendant directors demurred to the petition and the plaintiff appealed. In sustaining the action of the trial court we held that under the rule announced in *Gresty v. Darby,* supra, the defendants were immune from liability, and on page 47 of the opinion said:

"We ·shall not make an extensive review of the law covering organization of the Stonehouse Drainage District, or of its powers (G. S. 1935, 24-401 *et seq.*). The petition alleges the district is a corporation. Under the statute it is a 'body politic and corporate' with power to sue and be sued, and to take charge of and exercise control of watercourses, to construct ditches, drains and levees, to levy assessments and special taxes to defray cost of improvements to levy and collect a general tax to create a general fund, and other powers as set out in the statute (24-407). The affairs of such a district are managed by a board of three directors (24-409) elected by the taxpayers of the district (24-411). In addition there is full authorization for making improvements. That the three defendants last referred to were operating as directors of the drainage district under color of statute and law and dealing with a matter over which they had jurisdiction is clearly deducible from the allegations of the petition, and from those allegations it is likewise clear that plaintiff seeks to hold them individually responsible because through a mistake of the law applicable, they failed to procure approval of the chief engineer of the division of water resources which we held to be a condition precedent to the making of the proposed improvement. (See *State, ex rel., v. Stonehouse Drainage Dist.,* 152 Kan. 188, 102 P. 2d 1017.) It is clear from the statute and from allegations of the petition the board of directors was acting within its jurisdiction, and not outside of it as was the board of county commissioners in *Cunningham v. Blythe,* supra. . . ."

Here the petition alleged the existence of a State Highway Commission organized and governed by the laws of the state. Under that law the commission is a corporate entity (G. S. 1935, 74-2001) with power to act for the state in all matters pertaining to the construction and maintenance of state highways. The defendant commissioners are its managing and directing officers (G. S. 1935, 68-404). As such officials they are authorized to determine what work shall be done and direct its performance. In connection with the project in question they were operating under color of statute and

law and dealing with a matter over which they had general jurisdiction. Because of failure to acquire title by condemnation before appropriating the alley for drainage purposes, the plaintiffs seek to hold them individually responsible for damages.

The factual situation in the case to which we have just referred and the one at bar are so similar as to preclude differentiation in the application of the legal principles involved. If anything, there is less room for holding individual officials personally liable in this case than there was in that one. Here the property appropriated by the state was an alley dedicated to the use of the public. There the property entered upon and used by the drainage district for the purpose of digging a drainage ditch was private property in which the public had no right or interest. There the construction of a drainage ditch was commenced without compliance with the requirement of a statute (G. S. 1935, 24-1071), compliance with which was a condition precedent to the legality of the improvement project. Here the alley was appropriated, and construction of the drainage ditch commenced and completed by an arm of the state, possessing broad and general powers in connection with all matters pertaining to the construction and maintenance of highways and limited only in the scope of its power by express provisions of statute having that force and effect. No statute makes the institution of condemnation proceedings a prerequisite to the legality of a highway project or other public improvement. That this is true, and that when the state acts directly or mediately through the agency of a municipal corporation even without the institution of condemnation proceedings at all its action nevertheless is within the color of authority vested in it by law, is indicated by many of our decisions. (See *Prickett v. Belvue Drainage District*, 159 Kan. 136, 152 P. 2d 870; *Sullivan v. City of Goodland*, 110 Kan. 359, 203 Pac. 732; *Railway Co. v. City of Hiawatha*, 95 Kan. 471, 148 Pac. 744; *Brookings v. Riverside Drainage Dist.*, 135 Kan. 234, 9 P. 2d 656; *Schrag v. Blaze Fork Drainage District*, 119 Kan. 169, 237 Pac. 1047, and *Buckwalter v. School District*, 65 Kan. 603, 70 Pac. 605.)

Without laboring the matter further we hold that under the doctrine announced in *Evans v. Marsh*, supra, the petition failed to state a cause of action as against the defendant members of the State Highway Commission. The same holds true of all other defendants connected in any capacity with that state agency whether they be

called officials or employees. No necessity exists for a discussion of the niceties involved in the determination of their status in that regard and we have purposely refrained from it. If officials, they are clothed with the same immunity as the commissioners. If employees, it is elementary that responsibility for work performed by them in good faith in the institution, prosecution or completion of the project, pursuant to the order of the commission authorized to direct its performance, is no greater than that of their superiors, who, as we have indicated, were not liable as individuals under allegations of fact to be found in the petition. It is certain it cannot be successfully contended the acts and conduct upon which the liability of any of the defendants was sought to be predicated did not have to do with a matter belonging to a class over which they had general power and authority and at least color of jurisdiction. See *Cunningham v. Blythe,* 155 Kan. 689, 127 P. 2d 489, and decisions and legal authorities there referred to, wherein we held:

"Where a public officer performs, without jurisdiction, a quasi-judicial act, he is not exempt from liability to persons injured thereby, at least unless the subject matter of such act belongs to a class over which he has jurisdiction and the act is performed under color of jurisdiction." (Syl. ¶ 7.)

Up to this point we have limited our consideration to the petition as it pertains to officials and employees of the State Highway Commission. We now direct our attention to the question of whether that pleading states a cause of action against the two defendants remaining—the contractors who actually performed the work of constructing the diversion ditch in question. The work was undertaken under a contract awarded by the commission. The ditch was constructed in accordance with plans and specifications furnished by that body and the improvement as completed was accepted by it. All these facts are to be found in the petition either from express statements or reasonable inferences deducible therefrom. There is no allegation that the work of construction was negligently performed. Under such circumstances we have little difficulty in concluding the trial court's ruling sustaining the demurrer on the ground the petition failed to state a cause of action against the defendant contractors was proper.

Whatever the rule may be elsewhere this court is committed to the proposition, well supported by other authorities (44 C. J. 451, § 2708; 43 C. J. 1111, § 1874; 27 Am. Jur. 534, § 55, and 69 A. L. R. anno. 489), that an independent contractor who is awarded a con-

tract by the State Highway Commission for the construction of a highway improvement authorized by statute and who performs that contract according to plans and specifications with proper care and skill is not liable in damages for incidental injuries involved in the performance of such contract after the work required by its terms has been completed and the improvement turned over to and accepted by the commission. (See *Engler v. Aldridge,* 147 Kan. 43, 75 P. 2d 290.) Also *Evans v. Marsh,* supra, where, even though the contractor was held liable in damages because the contract under which work was performed was illegal, the principle is recognized and approved.

Since the petition failed to state a cause of action against any defendant it becomes unnecessary to give attention to other grounds of the demurrers even though the trial court did not specify the particular ground on which its decision was based. So long as its ruling was correct its reasons therefor become of little importance (*Turner v. Jarboe,* 151 Kan. 587, 591, 100 P. 2d 675). Even if the reason given had been erroneous its decision would stand (*Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188 and cases there cited).

Nor is there occasion for us to give consideration to the interesting questions plaintiffs raise with respect to the character and extent of their titles or the measure of recovery for injuries to their property rights, either of which might properly have been a subject of inquiry had the defendants or either of them been liable in damages for injuries resulting to their respective properties because of the construction of the highway improvement in question.

Finally, it should be stated that our conclusion the demurrers to the petition were properly sustained is in no sense to be construed as a decision that the plaintiffs are without remedy. That question is not before us on this appeal and is one on which we here express no opinion.

The judgment is affirmed.

SMITH, J., dissents.